UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:22-CR-694 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| QUINTIN GILBERT, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Defendant Quintin Gilbert ("Gilbert") moves this Court *pro se* for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Doc. 38.)  The government opposes the motion.  (Doc. 39.)  For the reasons stated herein, the motion is DENIED.

I.     **BACKGROUND**

On September 7, 2023, a federal grand jury returned a nine-count superseding indictment charging Gilbert with distribution of controlled substances, possessing with intent to distribute controlled substances, maintaining a drug premises, and possessing a firearm in furtherance of a drug trafficking offense.  (Doc. 23.)  On October 13, 2023, Gilbert pleaded guilty to three of the charged offenses pursuant to a plea agreement: distribution of fentanyl, para-fluorofentanyl, and tramadol, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1); possession with intent to distribute marijuana, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count 7); and possessing a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c) (Count 9).  (Doc. 26, Plea Agreement.)

The Final Presentence Report grouped Counts 1 and 7 together and determined a total offense level of 31. (Doc. 29 at 132-33.)[1] Count 9 mandated a five-year consecutive term of imprisonment. (*Id*. at 133.) As for Gilbert's criminal history, only three of his nine prior convictions were assessed criminal history points. (*Id*. at 134-38.) The total number of criminal history points was three, resulting in a criminal history category of II. (*Id*. at 138.) The advisory guidelines range for grouped Counts 1 and 7 was 121-151 months. (*Id*. at 145.)

Gilbert submitted a sentencing memorandum seeking a downward variance due to his upbringing, family ties, and demonstrated willingness to help others in need. (Doc. 31.) Attached was a certificate demonstrating Gilbert's completion of an anger management program. (*Id*. at Ex. 1.)

Sentencing occurred on January 23, 2024. (Doc. 36.) At the beginning of the hearing, defense counsel advised that the mother of one of Gilbert's children recently passed away. (*Id*. at 196.) Counsel presented documentation of a GoFundMe account to the government and the Court, which the Court accepted. (*Id*. at 197.) The Court adopted the offense level calculation set forth in the Final Presentence Report but noted it differed from the plea agreement because the government did not treat 4-ANPP as a fentanyl analogue. (*Id*. at 201-02.) The Court then varied down four levels so Gilbert could receive the benefit of his plea agreement. This five-level downward variance resulted in an advisory guidelines range of 78-97 months. (*Id*. at 221.) The Court imposed a 78-month term of incarceration on grouped Counts 1 and 7. (*Id*.) The Court imposed a 60-month consecutive term of incarceration on Count 9. (*Id*.) The combined term of incarceration was 138 months. (*Id*.)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

## II.     ANALYSIS

As set forth in 18 U.S.C. § 3582(c)(1)(A), a defendant seeking compassionate release must first establish he "fully exhausted all administrative rights to appeal a failure to the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  This exhaustion requirement is mandatory when invoked by the government and is not subject to any "judge-made exceptions."  *U.S. v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020); *United States v. Baskin*, No. 20-1634, 2020 U.S. App. LEXIS 35266, *3-4 (6th Cir. Nov. 6, 2020).  Simply stated, the exhaustion requirement "operates as an 'unyielding procedural requirement[].'"  *Id*. (quoting *United States v. Dowl*, 956 F.3d 904, 908 (6th Cir. 2020) (per curiam)).

The Bureau of Prisons' procedures require defendants seeking compassionate release to present a request to the warden of the facility in which the defendant is housed.  *See* 28 C.F.R. § 571.61.  "Ordinarily, the request shall be in writing, and submitted by the inmate."  *Id*.  A request must state "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" along with proposed release plans.  28 C.F.R. § 571.61(a)(1)-(2).

In his motion, Gilbert states he submitted a compassionate release request to Warden Underwood on December 20, 2024, asserting family circumstances.  (Doc. 38 at 233.)  Gilbert submitted no proof of this submission.  (*See* Doc. 38.)  In its response, the government stated a review of the Bureau of Prisons' records revealed no such request, whether submitted on December 20, 2024, as Gilbert alleges, or at any time before filing its opposition brief.  (Doc. 39 at 241.)  Thus, Gilbert has not established a request was made to the warden or that 30 days lapsed with no response from the warden.  The exhaustion requirement is not satisfied.

Even if the Court were to credit Gilbert's representation that he submitted a request to the warden, Gilbert still cannot demonstrate he satisfied the exhaustion requirement. Gilbert's motion to this Court seeks relief on two grounds: family circumstances and rehabilitation. (Doc. 38 at 234 (family circumstances), 235-36 (rehabilitation efforts).) But in his motion, Gilbert concedes that only family circumstances were presented to the warden for consideration. (*Id*. at 233.) The exhaustion requirement is only satisfied if the defendant's compassionate release motion is premised on the *same* grounds presented to the warden. *United States v. Mendez*, Case No. 1:04CR548, 2025 U.S. Dist. LEXIS 17481 *4, 2025 WL 359831 (N.D. Ohio Jan. 31, 2025) (citing *United States v. Williams*, 987 F.3d 700 (7th Cir. 2021)).

### III. CONCLUSION

Because the Court finds that Gilbert has not satisfied the exhaustion requirement mandated by 18 U.S.C. § 3582(c)(1)(A), his motion is DENIED.

**IT IS SO ORDERED.**

**Date:** August 14, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE